

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 22, 1971

Honorable Bill Clayton
Chairman, Counties Committee
P. O. Box 120, Capitol Station
Austin, Texas 78711

Opinion No. M-817

Re: Whether Section 9(b) of H. B. 383, 62nd Leg., R. S., 1971, amending Article 6675a-9, V. C. S., allowing counties to collect either a county registration fee of $5.00 for each vehicle registered or personal property taxes on the registered vehicle is in violation of any portion of the Texas Constitution.

Dear Representative Clayton:

By letter of February 23, 1971, you request our opinion on the constitutionality of Subsection (b) of H. B. 383, 62nd Leg., R. S., 1971, which Bill would amend Article 6675a-9, Vernon's Civil Statutes, by adding thereto Subsection (b) reading as follows:

"(b)  In addition to the license fees otherwise provided by this Act, a county may elect to collect a county registration fee of $5 for each vehicle.  The County Tax Collector shall deposit the net collections made under this subsection in the County Depository to the credit of the General Fund.  A county may not elect to collect the fee provided by this subsection in any year in which it assesses and collects personal property taxes on the vehicles registered within the county."

Article VIII, Section 1 of the Texas Constitution reads, in part, as follows:

"Section 1.  Taxation shall be equal and uniform.  All property in this State, whether owned

-3960-

by natural persons or corporations, other
than municipal, <u>shall be taxed in propor-</u>
<u>tion to its value</u>, which shall be ascer-
tained as may be provided by law..."
(Emphasis added).

It will be seen from the above quotation from the Texas
Constitution that all property in this State "shall be taxed
in proportion to its value." This is a constitutional mandate
and cannot be changed except by a constitutional amendment.

The tax of $5.00 per vehicle provided for in Subsection
(b) of H. B. 383 is not an ad valorem tax but is an excise tax.
To be an ad valorem tax it would have to be a direct tax on
the property itself according to its value. This tax would not
be based on the value of the vehicle but would be a tax on all
vehicles regardless of their value.

The case of <u>State v. Wynne</u>, 134 Tex. 455, 133 SW (2) 951
(1939), distinguishes the two types of taxes. The Court said:

"It is not always easy to draw an ex-
act line of demarcation between an ad valorem
tax and an occupation or excise tax. In
Cooley on Taxation, 4th Ed., vol. 1, p. 131,
§ 45, the distinction between a property tax
and an excise tax is stated as follows:
'Generally the answer to the question whether
a particular tax is a property or an excise
tax is so apparent that there is no room for
argument; but in many phases the question has
been the subject of much litigation, especially
in regard to whether a tax on a corporation is
an excise tax or a property tax. If the tax is
directly on property itself, the tax is a prop-
erty tax; but a tax is an excise tax rather than
a property tax where it is not a tax on property
as such, but upon certain kinds of property, hav-
ing reference to their origin and their intended
use. Another thing to be noted, it has been said,
is that the obligation to pay an excise tax is
based upon the voluntary action of the person
taxed in performing the act, enjoying the privi-
lege, or engaging in the occupation which is the
subject of the excise, and the element of abso-
lute and unavoidable demand, as in the case of a
property tax, is lacking.'" (at p. 956).

Subsection (b) provides an excise tax to be collected in years when the county does not collect the ad valorem tax provided by Article VIII, Section 1, of our Texas Constitution, supra. The Bill expressly provides that a county which collects the property tax provided for by the Constitution is prohibited in the same year from levying and collect the excise tax. Since the county is bound by the Constitution to levy and collect the ad valorem tax, this Bill would, in effect, be telling the county it does not have to levy and collect the ad valorem tax. This would have the implied effect of amending the Constitution which cannot be done except by a vote of the people.

In our opinion this Subsection (b) is unconstitutional.

## SUMMARY

Subsection (b) of H. B. 383, 62nd Leg., R. S., 1971, providing for the levy of $5.00 per vehicle on all vehicles in any year the ad valorem tax is not collected on vehicles is unconstitutional.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General

By: *Nola White*

NOLA WHITE
First Assistant

Prepared by Fisher A. Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Kenneth L. Nordquist
A. J. Gallerano
James Swearingen
Scott Garrison

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant